```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

DARLENE SPARKS,                )
                               )
        Plaintiff,     )
                               )
  v.                           )   No.  13 C 4849
                               )
SODEXO USA, INC., et al.,      )
                               )
        Defendants.    )

<u>MEMORANDUM ORDER</u>

Sodexo America, LLC ("Sodexo," erroneously sued as "Sodexo USA, Inc.") and the Chicago Bear Football Club, Inc. ("Bears") have filed their separate Answers and Affirmative Defenses ("ADs") to the Complaint brought against them by Darlene Sparks ("Sparks"). Although very little of Sodexo's responsive pleading calls for comment (which this memorandum order will touch on briefly at the outset), Bears' responsive pleading has several problematic aspects, which will be addressed thereafter.

As for Sodexo, its AD 1 asserts that "Sparks has failed to mitigate or make reasonable efforts to mitigate her alleged damages." But Sodexo clearly doesn't know that at this threshold stage of the litigation--it is totally speculative. Accordingly Sodexo's AD 1 is stricken, but without prejudice to its potential reassertion if a failure to mitigate is revealed during the discovery process.

Bears' responsive pleading is another thing. Not only are its ADs suspect (more of this later), but in Answer ¶¶3 and 8

Bears' counsel has joined the regrettably large group of lawyers who--instead of following the clear roadmap marked out for a disclaimer pursuant to Fed. R. Civ. P. ("Rule") 8(b)(5)--have taken an impermissible detour of their own (see App'x ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)).

Even worse, each of those improper disclaimers is followed by Bears' statement as to Sparks' disclaimed allegations with the phrase "and therefore denies them." That is of course oxymoronic--how can a party that must assert (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

As for Bears' ADs, several are troubling. Here they are:

1. AD 1, which asserts Sparks' failure to mitigate her damages, is flawed for the same reason as Sodexo's AD 1. It too is stricken.

2. Both ADs 3 and 4 violate the fundamental concept underlying Rule 8(c) and the cases construing it (see also App'x ¶5 to State Farm), which calls for the acceptance of the plaintiff's allegations as true while stating some other reason for a defendant's nonliability or lesser liability. In this instance those ADs are directly at odds with

Complaint ¶¶8 through 10, so those ADs are also stricken.

3. Finally, Bears' reservation of "the right to add additional affirmative defenses upon the completion of discovery" adds nothing to the mix. If other ADs do emerge in that process, neither that statement nor the absence of such a statement will make any difference as to Bears' ability to advance such matters by an amendment to its pleading. Hence that statement is also stricken.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 10, 2013